**UNITED STATES of America, Plaintiff and Appellee,**

**v.**

**John C. MEYER, Defendant and Appellant.**

**No. 22252.**

United States Court of Appeals Ninth Circuit.

Nov. 27, 1968.

Certiorari Denied April 21, 1969.

See 89 S.Ct. 1476.

J. R. Hagan, Menlo Park, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Craig B. Jorgensen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and HUFSTEDLER, Circuit Judges.

CHAMBERS, Circuit Judge:

Meyer, Murphy and Kvasnicka were convicted on 15 counts of interstate

fraud and interstate sale of unregistered securities, to wit: fractional oil interests. Meyer was the principal and Murphy and Kvasnicka were his agents. The sentences of the latter two were light and they have not appealed. Meyer received a five year concurrent sentence on each count. No question of sufficiency of the evidence is involved, but naturally in a trial lasting over a month Meyer has some points for appeal.

■ Before trial, Meyer moved to sever. He asserted that Murphy and Kvasnicka had made statements to the government that would prejudice him. The government volunteered that it would not use the statements and the motion was denied. There would appear to be no error in the initial denial of a severance.

■ During the trial, Meyer did not testify. But Murphy and Kvasnicka did. They asserted good faith reliance on representations of Meyer to them. This opened the door for the government to show inconsistent statements of Meyer known to the other defendants that would reflect on the veracity of the defendant. This must have hurt Meyer, but it had nothing to do with the objections at the outset to the statements which had been eliminated. This is not the sort of thing that happens when a co-defendant's confession directly implicates a defendant who has no real opportunity to cross-examine. And, we do not believe that every time a co-defendant on the stand hurts the first defendant, that a severance is required instanter. It was, we hold, within the trial judge's sound discretion to go on with the trial. Meyer had his right of thorough cross-examination and to rebut his co-defendants' testimony. Thus, we find no error in failure to sever. If it were clear that if tried alone, Meyer might have chosen to testify, we would have a different case. But there is not the slightest reason to believe that if tried alone, he would have volunteered to testify.

■ Midway in the trial, Meyer disappeared not to reappear until after the guilty verdict. The trial continued without him. The court at the time of the disappearance held he was voluntarily absent. After the trial, when Meyer appeared, the trial judge seems to have adhered to his original finding. Meyer's mother's testimony as to the absence was thoroughly discredited. His wife's testimony was that he had fled in fear of some undisclosed persons, or so he had told her. From persons so highly interested, the judge didn't have to believe any such testimony. And, if it was true that Meyer had said he was fleeing from others in fear of his life, the court never had to believe the truth of his statement. Here was an adult whom the court could charge with the common sense knowledge that he could appeal to the court for and get protection. This is a far different case from Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167, where a young boy was found by the court to have been told by the sheriff that he "might" not be able to protect him. There is no suggestion that Meyer was insane, undoubtedly he was agitated. Why he would be agitated is apparent from the record piling up against him. He just did not avail himself of his Sixth Amendment right to be present.

In the opening argument, government counsel made one argument improper as to Meyer. No objection was made. In closing, he repeated it. Then the trial judge stepped in and pointed out the impropriety. The government lawyer acknowledged his error. In the whole context of the case we do not find the error was very serious.

Lastly, Meyer argues cumulative prejudice out of the points above. This depends on a sound appraisal of the record. Our reading of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, does not seem to us to require a reversal on the facts here.

Judgment affirmed.